IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A.V.L., <br><br>      Petitioner, <br><br>      vs. <br><br> WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.*, <br><br>      Respondents. | Civil No. 1:26-cv-03354-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 221-489-951 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Henry A.V.L.[1] entered the United States without inspection approximately six years ago and has resided in Maryland ever since.  Dkt. No. 1, at pg. 5.  He has no criminal history, pays taxes, and is married with a wife who is six months pregnant.  *Id.* at pg. 6.

In February 2026, he was arrested by immigration officers while on the way to work.  Although he has not been found to be a danger to the community or a flight risk at a bond hearing—although he has, in fact, not been afforded a bond hearing at all—he has been held in immigration detention since his arrest.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction.  In a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and a supplement filed by counsel, Dkt. No. 10, he contends that he is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and that his detention violates the Immigration and Nationality Act (INA).  In *Maldonado Bautista*, a court certified a class of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  813 F. Supp. 3d at 1127.  And a declaratory judgment was subsequently entered by that court declaring that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Petitioner primarily contends that as a member of the *Maldonado Bautista* class, he is entitled to immediate release or a prompt bond hearing as a result.

The court issued an Order to Show Cause, calling on Respondents to address two issues:  (1) whether Respondents disputed Petitioner's purported membership in the

2

Bond Eligible Class certified in *Maldonado Bautista*, and (2) whether, regardless of Petitioner's membership in the Bond Eligible Class, "any factual or legal issues in this case that render it distinguishable from prior orders" in similar cases where the petition was instead resolved on "statutory grounds under the INA."  Dkt. No. 11.  *See, e.g.*, *Galvan v. Noem*, No. 1:25-cv-1766, 2026 WL 183724 (E.D. Cal. Jan. 23, 2026), *report and recommendation adopted*, Dkt. No. 14; *Avalos v. Chestnut*, No. 1:26-cv-1199, 2026 WL 654448 (E.D. Cal. Mar. 9, 2026), *report and recommendation adopted*, 2026 WL 825717 (E.D. Cal. Mar. 25, 2026); *Gurrola v. Cruz*, No. 1:25-cv-02078, 2026 WL 494478 (E.D. Cal. Feb. 23, 2026), *report and recommendation adopted*, 2026 WL 622124 (E.D. Cal. Mar. 5, 2026); *Gutierrez Gomez v. Lyons*, No. 1:26-cv-00635, 2026 WL 1243441 (E.D. Cal. May 6, 2026), *report and recommendation adopted*, 2026 WL 1335805 (E.D. Cal. May 13, 2026).[2]

---

[2]     Prior to counsel for Petitioner entering an appearance in this case, Respondents filed a notice of related case and moved to dismiss the petition as "duplicative" of a petition previously filed in the Southern District of California.  Dkt. No. 8; *see also V.L. v. Mullin*, No. 3:26-cv-02378 (S.D. Cal. Apr. 14, 2026).  But that petition was voluntarily dismissed by Petitioner on April 20, 2026, *see V.L.* at Dkt. No. 3, no activity has occurred in that case since April 21, and Petitioner is now confined in the Eastern District of California.  The court concludes that the most prudent path forward is for the court to rule on the petition before it (although Respondents may, of course, seek to dismiss the petition in the Southern District of California as a result of the court's ruling).  *Cf. Singh v. Warden of the Cal. City Detention Facility*, No. 1:26-cv-2074, 2026 WL 1071684 (E.D. Cal. Apr. 8, 2026), *report and recommendation adopted*, 2026 WL 1069726 (E.D. Cal. Apr. 20, 2026).  Respondents' Motion to Dismiss is therefore DENIED.

The court thanks Respondents for their timely and helpful response.  Dkt. No. 12. In it, they acknowledge that Petitioner appears to meet the criteria for membership in the Bond Eligible Class, but point out that "the Ninth Circuit has stayed [the] certification and final judgment" in *Maldonado Bautista* "outside the Central District of California."  *Id.* at pg. 2; *see also Bautista v. U.S. Dep't of Homeland Security*, No. 26-1044 (9th Cir. Mar. 31, 2026) (order granting partial stay).  As Petitioner is currently being held within the Eastern District of California, the court agrees with Respondents that Petitioner's class membership alone does not entitle him to relief.

But Petitioner also argues that by "denying [him] a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA."  Dkt. No. 10, at pg. 7.  Respondents "concede that this case lacks material issues to distinguish it" from cases in which the court declined to grant relief based on membership in the *Maldonado Bautista* class but nonetheless ordered Respondents to provide Petitioner with a bond hearing based on their violation of the INA.  Dkt. No. 12, at pg. 1.  And they agree that if the court "adopts the reasoning from the cases identified in the Court's minute order and finds Petitioner detained under 8 U.S.C. § 1226(a), the proper remedy is a custody hearing."  *Id.* at pg. 2.  The court thanks Respondents for their candor and, finding the reasoning of the cases identified in the Order to Show Cause and this order persuasive, will do just that.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is GRANTED in part, to the extent Petitioner contends that he is entitled by statute to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 18, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03354-MWJS; *Henry A.V.L. v. Warden of the Central Valley Annex Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART