IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A.V.L.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03354-MWJS<br><br>ORDER DENYING MOTION TO ENFORCE<br><br>A# 221-489-951 |

**ORDER DENYING MOTION TO ENFORCE**

Before the court is Petitioner Henry A.V.L.'s[1] motion to enforce. Dkt. Nos. 26, 27.[2] The court previously granted Petitioner's habeas petition in part and ordered that he be provided with a bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-03354-MWJS, 2026 WL 1391273 (E.D. Cal. May 18, 2026). Since then, Petitioner has received at least two bond hearings. Petitioner argues here that the

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

[2] Petitioner's two filings appear to be substantively identical, with the only difference being that one of the filings includes as an attachment an order from another case. *See* Dkt. No. 26, at pgs. 18–21. For purposes of this order, the court will cite Dkt. No. 26.

immigration judge abused their discretion during his most recent bond hearing by placing the burden of proof on him, determining that Petitioner is a flight risk, and not considering alternatives to detention. *See* Dkt. No. 26, at pg. 2. Respondents oppose the motion, arguing that the immigration judge properly allocated the burden of proof and appropriately found that Petitioner is a flight risk. *See* Dkt. No. 33. Petitioner also filed a reply.[3] Dkt. No. 35. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

Petitioner entered the country without inspection approximately six years ago. *Henry A.V.L.*, 2026 WL 1391273, at *1. In February 2026, immigration authorities arrested Petitioner on his way to work. *Id.* He has remained in immigration detention ever since. *Id.*

In May 2026, Petitioner successfully sought habeas relief. The court ordered Respondents to release Petitioner "unless they demonstrate[d], within seven days of the [order], that Petitioner ha[d] received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations." *Id.* at *2. Petitioner received a hearing on May 20, 2026. *See Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-03354-MWJS, 2026 WL 1999944, at *1 (E.D. Cal. July 10, 2026). At the conclusion of that hearing, an immigration judge denied bond. *Id.*

---

[3] On October 19, 2026, the court received Petitioner's motion to accept late filing. Dkt. No. 36. That motion is GRANTED.

In June 2026, Petitioner moved the court to reopen his case and to enforce its judgment. *Id.* On July 10, 2026, the court granted the motion in part and again ordered Respondents to release Petitioner unless they demonstrated within seven days that Petitioner had received another "bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations." *Id.* at *4.

Petitioner appeared for a second bond hearing on July 17, 2026, after which an immigration judge denied bond in a written order upon finding that Petitioner is a flight risk.[4] Dkt. No. 33-1, at pgs. 22–25. The immigration judge noted that Petitioner bore the burden of demonstrating by a preponderance of the evidence that he is not, among other things, a flight risk. *Id.* at pgs. 22–23. The immigration judge stated that they had reviewed relevant agency and court decisions, including *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006). *Id.* at pgs. 23 –24.

In finding that Petitioner is a flight risk, the immigration judge detailed the following facts. Petitioner is twenty-one years old, and he entered the country illegally in 2020. *Id.* at pg. 23. Petitioner does not have a parent, grandparent, spouse, or child who is either a U.S. citizen or a lawful permanent resident. *Id.*

---

[4] Petitioner in fact participated in two bond hearings on July 17, 2026. *See* Dkt. Nos. 31, 32. Near the end of the day's first hearing, which Petitioner participated in with the assistance of a Spanish interpreter, Petitioner said that he did not understand everything that was said during the hearing because his "best language" is Mam. *See* Dkt. No. 31. The immigration judge then held a second hearing with the assistance of both Spanish and Mam interpreters. *See* Dkt. No. 32.

Although Petitioner stated during his May 20, 2026, bond hearing that he lived with an uncle, Petitioner testified during his most recent hearing that his uncle had abandoned him four years ago and returned to Guatemala. *Id.* Prior to being detained, Petitioner lived with his partner for two years. *Id.* Petitioner's partner is nineteen years old and pregnant with Petitioner's child. *Id.* Petitioner's partner has no legal status in the United States, and her family lives in Guatemala. *Id.* Petitioner and his partner rent an apartment. *Id.* He has limited ties to the community, and he owns no real property. *Id.* Petitioner did not provide a fixed address in the United States. *Id.* at pg. 24.

The immigration judge also considered documentary evidence submitted by Petitioner, including a sponsor letter and Petitioner's tax return. *Id.* at pg. 23. The immigration judge noted the sponsor's statement that Petitioner had resided in the country since 2023. *Id.* This was inconsistent with Petitioner's testimony that he entered the country in 2020. *Id.* The immigration judge also noted the sponsor's representation that he would provide room and board for Petitioner "as best he can." *Id.* The immigration judge concluded that Petitioner did not show that he has a valid, reliable, and credible sponsor. *Id.*

Regarding Petitioner's tax return, the immigration noted that, despite being employed, Petitioner reported only $364 in income. *Id.* Petitioner could not explain the amount of income reported on his return. *Id.* at pgs. 23–24.

The immigration judge also noted that Petitioner had been ordered removed by an immigration judge (a decision that is currently on appeal to the Board of Immigration Appeals). *Id.* at pg. 24. When the immigration judge asked Petitioner why he fears returning to his country of origin, Petitioner responded that there is "nothing going on" there, and he came to the United States "for a better life and to work." *Id.* Because Petitioner did not express a fear of being harmed in his country of origin, the immigration judge concluded that any such fear was "exceedingly speculative." *Id.* In addition, the immigration judge said, it did not appear that any other form of relief was available to Petitioner. *Id.* The immigration judge therefore found that Petitioner "has no incentive to return to court or to appear for removal." *Id.*

After considering all the positive and negative factors in Petitioner's case, the immigration judge found that Petitioner poses a "significant flight risk," and that "there is no bond amount to mitigate the risk of flight." *Id.* at pg. 25.

Now before the court is Petitioner's second motion to enforce. Dkt. No. 26. In this motion, Petitioner argues that the immigration judge abused their discretion by placing the burden of proof on him, determining that Petitioner is a flight risk, and in not considering alternatives to detention. Dkt. No. 26, at pg. 2. Petitioner seeks either his release or another bond hearing. *Id.* at pg. 14.

## LEGAL FRAMEWORK

The court has the authority to ensure compliance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce is the usual method used to have a court compel compliance with a previous order. *See Luis P.A. v. Warden, Cal. City Det. Facility*, No. 1:26-cv-05340-RLP, 2026 WL 3016281, at *1 (E.D. Cal. Oct. 7, 2026).

When reviewing an immigration judge's determinations regarding dangerousness and risk of flight in the context of a bond hearing, the court applies an abuse of discretion standard. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). Under this standard, the court "cannot reweigh evidence but can only determine whether the [immigration judge] applied the correct legal standard." *Id.* at 785 (cleaned up).

## DISCUSSION

Petitioner first argues that the immigration judge "fail[ed] to shift the burden to the Respondents to establish by *clear and convincing evidence* that [Petitioner] is . . . a flight risk." Dkt. No. 26, at pg. 2 (emphasis in original). The court, however, ordered Respondents to release Petitioner unless they demonstrated within seven days that Petitioner had received another "bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations." *Henry A.V.L.*,

2026 WL 1999944, at *4. During such a hearing, it is the noncitizen (not the government) who bears the burden of "demonstrat[ing] by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (cleaned up); *accord Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community."). Thus, the immigration judge properly placed the appropriate burden of proof on Petitioner. *See* Dkt. No. 33-1, at pgs. 22 –23.

Petitioner next argues that "under any burden of proof," the immigration judge abused their discretion in finding that Petitioner is a flight risk. Dkt. No. 26, at pgs. 6–11. In assessing flight risk, an immigration judge is tasked with considering a variety of factors, including (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities;

and (9) the noncitizen's manner of entry to the United States. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

The record in this case—which includes both the immigration judge's written order and oral explanations—is sufficient to show that the immigration judge did not abuse their discretion in finding that Petitioner is a flight risk. The immigration judge noted that Petitioner did not provide a fixed address in the United States and is a relatively "recent entry" who entered the country without inspection. Dkt. No. 33-1, at pgs. 23–24. The immigration judge further noted that, although Petitioner has lived with his partner for two years, and she is pregnant with his child, she has no legal status in the country and her family lives in Guatemala. *Id.* at pg. 23. The immigration judge also found that Petitioner has limited community connections and no property ties in the United States. *Id.* The immigration judge stated that Petitioner did not establish a "valid, reliable, and credible sponsor," and Petitioner could not explain why he reported receiving only $364 in income. *Id.* On top of these things, the immigration judge noted that Petitioner had been ordered removed, he did not express a fear of being harmed in his country of origin, and he did not appear to be eligible for any other form of relief. *Id.* at pg. 24. After considering all Petitioner's positive and negative factors, the immigration judge found that Petitioner is a significant flight risk and that no bond amount could mitigate that risk. *Id.* at pg. 25.

Petitioner challenges this conclusion, arguing that the immigration judge "did not reference [the *Guerra*] factors," Dkt. No. 26, at pg. 6, but the record reflects otherwise. *See* Dkt. No. 33-1, at pg. 24 (citing *Guerra* and listing its "extensive, but not exhaustive, list of factors"). It is also evident that the immigration court properly weighed Petitioner's removal order in finding that he is a flight risk. Dkt. No. 33-1, at pg. 24. *See generally Perez Cinto v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-02782-KES-CDB (HC), 2026 WL 2620240, at *3 (E.D. Cal. Sept. 4, 2026) ("In concluding that Petitioner was a flight risk, the IJ permissibly relied upon the fact that Petitioner is subject to an order of removal."). Although Petitioner understandably disagrees with the immigration judge's weighing of the numerous factors considered, Dkt. No. 26, at pgs. 6–11, the court cannot reweigh evidence while reviewing for an abuse of discretion. *See Martinez*, 124 F.4th at 785.

Finally, the immigration judge did not abuse their discretion by not obviously considering alternatives to detention. See Dkt. No. 26, at pg. 7. The failure to do so—if that is indeed what happened here—is not enough to constitute an abuse of discretion in this context. As courts have previously recognized, an immigration judge "need only consider alternative conditions to release once the [immigration judge] determines that the detainee is neither dangerous nor so great a flight risk as to require detention without bond." *Song v. Janecha*, No. EDCV 26-3896-AS, 2026 WL 2164151, at *6 (C.D. Cal. July 23, 2026) (cleaned up)); *cf. Martinez*, 124 F.4th at 786 (rejecting argument that

immigration judge was required to consider alternatives to detention after denying bond based on dangerousness). Here, the immigration judge found that Petitioner *is* a flight risk. Considering that finding, the immigration judge had no legal obligation to turn to alternatives to detention.

## <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's motion to enforce, Dkt. No. 26, is DENIED. Any other pending motions are DENIED as moot. This case remains CLOSED.

IT IS SO ORDERED.

DATED: October 27, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

+